**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

FILED
OCT 1 2 2007

| | | |
|---|---|---|
| CYNTHIA D. MCCALL, | | |
| | PLAINTIFF, | |
| v. | | Civil Action No. 2:07cv339 |
| CITY OF PORTSMOUTH, CITY OF CHESAPEAKE, | | |
| | DEFENDANTS. | |
| JAVON L. MCCALL | | |
| | PLAINTIFF, | |
| v. | | Civil Action No. 2:07cv340 |
| CITY OF PORTSMOUTH, CITY OF CHESAPEAKE, | | |
| | DEFENDANTS. | |

## OPINION AND ORDER

Defendants City of Portsmouth and City of Chesapeake (collectively, "Defendants") have each filed Motions to Dismiss. Plaintiffs Cynthia McCall ("Cynthia"), a 56 year old female, and Javon McCall ("Javon"), her 35 year old son, claim that police from both cities committed several torts and violated their civil rights while investigating a murder in the area of the Plaintiffs' home on January 7, 2007. Doc. 1, Ex. 1 (Cynthia's Complaint); 2:07cv340, Doc. 1, Ex. 1 (Javon's Complaint).[1] Plaintiffs claim in Count I that Defendants deprived them of their

---

[1] Although the Plaintiffs' cases were originally brought separately, each Plaintiff has alleged identical claims. The cases were consolidated after the present motions became ripe for decision.

Page 1 of 10

state civil rights under color of state law; in Count II, that Defendants are liable for intentional infliction of emotional distress; in Count III, that Defendants are liable for assault; in Count IV, that Defendants are liable for battery; in Count V, that Defendants are liable for false imprisonment; in Count VI, that Defendants are liable for negligence; and in Count VII, that Defendants violated Plaintiffs' federal constitutional rights under 42 U.S.C. § 1983. Id. Plaintiffs seek damages for pain and suffering, damages for loss of earnings, and punitive damages. Id.

Defendants have filed almost identical Motions to Dismiss these claims under FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)"). Docs. 3 (Motion to Dismiss Cynthia's case by City of Chesapeake) & 4 (Motion to Dismiss Cynthia's case by City of Portsmouth); 2:07cv340 Docs. 3 (Motion to Dismiss Javon's case by City of Chesapeake) & 4 (Motion to Dismiss Javon's case by City of Portsmouth). The Defendants argue the following: (1) Defendants are immune from all state law claims on the basis of sovereign immunity; (2) Virginia does not recognize a claim for deprivation of state civil rights under color of state law; (3) Plaintiffs fail to state a claim for intentional infliction of emotional distress; (4) Plaintiffs fail to state a claim for assault, battery, and false imprisonment; (5) Defendants are immune from the negligence claims; (6) Plaintiffs have failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983; and (7) Plaintiffs cannot recover punitive damages against a municipality. Id. In their Memoranda in Opposition, Plaintiffs appear to respond only to the motions to dismiss the 42 U.S.C. § 1983 claim. See Doc. 6 (Cynthia's Memorandum); 2:07cv340, Doc. 6 (Javon's Memorandum)

A hearing was held on this matter on October 11, 2007. The Court ruled from the bench. For the reasons stated below, the Court **SUSTAINED** both Motions to Dismiss as to Count I,

Count II, Count III, Count IV, Count V, and Count VI of each complaint. The Court also **SUSTAINED** Defendants' Motion to Dismiss Count VII, but **GRANTED** the Plaintiffs leave to amend this Count to state a cause of action under 42 U.S.C. § 1983. Plaintiffs must file an amended complaint within eleven (11) days from the Court's ruling from the bench. The Defendants will have eleven (11) days after the receipt of service on counsel of the amended complaint to respond.

The Court also **SUSTAINED** the Defendant's Motion to Dismiss the Plaintiffs prayer for punitive damages in Count VIII.

## I. Factual Background

During the early morning hours of January 7, 2007, members of the Portsmouth and Chesapeake Police Departments (the "Police") came to the residence of Plaintiffs Cynthia and Javon McCall. Doc. 1, Ex. 1 at ¶¶ 5 & 6; 2:07cv340, Doc. 1 Ex. 1 ¶¶ 5 & 6.[2] The Police knocked on the door of the residence at approximately 2:00 a.m. 2:07cv340, Doc. 1, Ex. 1 at ¶ 7. Javon then received a phone call on his cell phone from the Police requesting that he come to the front door. Id. at ¶ 6. Javon was wearing boxer shorts, a t-shirt, and nothing else. Id. at ¶ 5.

Javon answered the door. Id. at ¶ 7. Seven (7) or more police officers were standing at the door with their weapons pointed at him. Id. He was asked to step outside. Id. at ¶ 9. The Police asked him to raise his hands and walk backwards towards them. Id. While he was walking backwards, Javon's boxer shorts fell to his ankles, leaving him exposed from the waist down. Id. at ¶ 10. The Police ordered Javon to step out of the shorts and continue walking backwards. Id. The Police then knocked Javon to the ground, handcuffed him, dragged him

---

[2] For the purposes of considering this motion to dismiss only, facts alleged by the Plaintiffs in their complaints are presumed true.

across the lawn, and stood him beside the police van. Id. at ¶ 11. At the time, the air temperature was below freezing. Id.

While Javon was standing next to the police vehicles, Javon's mother, Cynthia, was asked to exit the home by the Police. Doc. 1, Ex. 1 ¶ 12. Cynthia was dressed in her nightgown and robe. Id. Cynthia was asked to walk backward towards the Police. Id. When she reached the Police, they handcuffed her and directed her to stand next to Javon near the van. Id. The Police asked Cynthia if they could search the home, and Cynthia obliged. Id. at ¶ 13. Three (3) police officers and a police dog entered and searched the home for approximately twenty (20) minutes. Id. at ¶ 14. When the Police exited the home, they stated "everything is fine, everything is clear" and explained that they believed a murder suspect was present in the residence. Id. at ¶¶ 14 & 15. Javon and Cynthia were then released. Id. at ¶ 15.

As a result of the physical treatment by the police, Javon claims that a preexisting medical condition, a pinched nerve, was aggravated, incapacitating him for four (4) months and requiring him to wear a cervical collar. 2:07cv340, Doc. 6 at 3-4. Cynthia also claims that she suffered physical injury, including soreness in her arms and an aggravation of her arthritis. Doc. 6 at 4. Both Plaintiffs claimed they suffered psychiatric trauma requiring treatment. Doc. 6 at 4; 2:07cv340, Doc. 6 at 4.

## II. PROCEDURAL HISTORY

Plaintiffs originally filed two (2) separate actions in the Circuit Court of the City of Portsmouth. See Doc. 1, Ex. 1 at 5, 13; 2:07cv340, Doc 1, Ex. 1 at 5, 13. On July 25, 2005, Defendants removed both actions to this Court on the basis that the case alleged federal civil rights violations. Doc. 1 at 1-2 (Notice of Removal of Cynthia's Case); 2:07cv340, Doc. 1 at 1-2

(Notice of Removal of Javon's Case). The Defendants then filed identical Motions to Dismiss each Plaintiffs' complaint on July 31, 2007. Docs. 3 & 4; 2:07cv340, Docs. 3 & 4. Plaintiffs each responded on August 8, 2007. Doc. 6; 2:07cv340, Doc. 6. Defendants replied on August 20, 2007. Docs. 7 & 8; 2:07cv340, Docs. 7 & 8. The two cases were then consolidated by order from this Court on August 24, 2007. Doc. 9 (Consolidation Order).

### III. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A Rule 12(b)(6) motion should only be granted "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) ("In considering a motion to dismiss, we accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff") (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)).

In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" Moore v. Flagstar Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (1990)). The Court may also look to documents attached to the Complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56

motion for summary judgment. See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

## IV. ANALYSIS

### A. Deprivation of State Civil Rights under Color of State Law

Count I of Plaintiffs' complaint alleges that Defendants deprived them of rights guaranteed by Virginia laws under color of state law. Doc. 1, Ex. 1 at 15; 2:07cv340 Doc. 1, Ex. 1 at 15. This claim is identical to a claim under 42 U.S.C. § 1983 except that the deprivation is of state constitutional rights instead of federal rights. Defendants argue that Virginia does not recognize this claim. Doc. 3 at 3, Doc. 4 at 3; 2:07cv340, Doc. 3 at 3, Doc. 4 at 3. Defendant also argues that municipalities are immune from this state law cause of action. Id. The Court agrees with this second argument. Thus, the Court has **SUSTAINED** Defendants' Motion to Dismiss Count I.

### B. State Tort Claims

In Virginia, under the doctrine of sovereign immunity, a city is not liable for the torts of employees who are exercising a government function. Niese v. City of Alexandria, 264 Va. 230, 238 (2002). Such "immunity is based on the theory that the sovereign can not [sic] be sued without its consent." Haggard v. City of Richmond, 172 Va. 145, 147-48 (1939). Maintaining a police force is a government function. Niese, 264 Va. at 239. Thus, municipalities are immune from liability from both intentional torts and negligent acts committed by police officers in the course of their duties.[3] Id.; accord. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

---

[3] Individual officers of municipalities, however, can be held liable for intentional torts and gross negligence. See Valladares ex rel. Valladares v. Cordero, No. 1:06cv1378, 2007 WL 773911 at *2 (E.D.Va. March 8, 2007) (J. Cacheris). Here, Plaintiffs have not included individual officers as defendants.

To the extent Plaintiffs allege that Defendants are liable for the intentional torts and negligence of the Police, these claims fail to state a claim under which relief can be granted. The cities are fully immune from suit on these claims. Thus, the Court has **SUSTAINED** Defendants' Motion to Dismiss Counts II, III, IV, V, and VI of Plaintiffs' complaints.

### C. Civil Rights Claims

Plaintiffs allege that Defendants have a custom or policy that has violated their civil rights, violating 42 U.S.C. § 1983. When a 12(b)(6) motion deals with a civil rights complaint, the Court should not dismiss the claim unless it appears certain that the plaintiff is not entitled to relief under any legal theory which might plausibly be suggested by the facts alleged. See Harrison v. U.S. Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988). A claim under 42 U.S.C. § 1983 requires the plaintiff to demonstrate that the defendant (1) acted under color of state law and (2) deprived the plaintiff of a constitutional right, privilege, or immunity. See West v. Akins, 487 U.S. 42, 48 (1988).

Plaintiffs allege that Defendant cities acted under the color of state law because their respective police forces had a custom or policy that deprived Plaintiffs of their rights. See Doc. 1, Ex.1; 2:07cv340, Doc. 1, Ex. 1. Municipalities are liable under 42 U.S.C. 1983 for actions of its employees. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978). A municipality cannot, however, be held liable under 45 U.S.C. § 1983 under respondeat superior or vicarious liability. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Instead, the plaintiff must demonstrate that the municipality itself caused the constitutional violation at issue. Id. A municipality is only liable under section 1983 if it deprives an individual of civil rights through an official policy or custom. Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 218 (4th

Cir. 1999). The plaintiff must demonstrate a direct causal link between such policy or custom and the alleged constitutional deprivation. Harris, 489 U.S. at 385. The plaintiff must show "that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." Carter, 164 F.3d at 218. The plaintiff can show a policy "if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage." Id. (internal quotations omitted). In certain circumstances, known and deliberate inaction on behalf of the municipality can qualify as an official policy or custom. See Brown v. Mitchell, 308 F. Supp. 2d 682, 692-93 (E.D. Va. 2004). This can be "inferred from continued inaction in the face of a known history of widespread constitutional deprivations . . . or, in quite narrow circumstances from continued inaction in the face of a general, known course of conduct having the manifest propensity to cause constitutional deprivations to an identifiable group of persons having a special relationship to the state." Id. at 693 (internal quotations omitted). Plaintiffs here have alleged only that a custom or policy exists, but have not alleged any other facts about this policy. Plaintiffs have indicated that they have some information about such a policy in their memorandum in opposition to this motion, but these allegations were not included in the complaints. See Doc. 6; 2:07cv430, Doc. 6.

Plaintiffs must also allege a violation of a specific constitutional right. Plaintiffs failed to mention in their complaints what constitutional rights Defendants violated. See Doc. 1, Ex. 1; 2:07cv340, Doc. 1, Ex. 1. In their memoranda opposing the present motions, Plaintiffs explained that they are seeking to establish a violation of substantive due process rights under the Fourteenth Amendment. Doc. 6; 2:07cv340, Doc. 6. The Plaintiffs specifically list several rights that they claim were violated: "the right of physical integrity, the right to be free from

unlawful detention, the right against unreasonable searches and seizures, and the right to be free from unlawful assaults and injuries." Id. at 7. Although some of these rights are protected by the Fourteenth Amendment, such as the right of physical integrity, others fall under the protection of the Fourth Amendment, such as the right against unreasonable search and seizure. It is thus unclear what constitutional violation is being alleged. Furthermore, these allegations were not included in the Plaintiffs' complaints.

It is clear to the Court that the complaints fail to live up to the legal standard of 43 U.S.C. § 1983. The Plaintiffs' complaints fail to identify either how the Defendant cities acted under color of state law and what constitutional rights were violated by the Defendants' actions. Thus, the Court has **SUSTAINED** the Defendants' Motion to Dismiss Count VII. The Court cannot say, however, that the facts cannot plausibly suggest any legal theory justifying relief. The Court has thus also **GRANTED** the Plaintiffs leave to amend their complaint to state a cause of action under 42 U.S.C. § 1983.

### D. Punitive Damages

Municipalities are immune from punitive damages under 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Defendant is thus correct in arguing that the Plaintiffs cannot recover such damages in the present action. See Docs. 3 at 6, 4 at 6; 2:07cv340, Docs. 3 at 6, 4 at 6. Thus, this Court **SUSTAINED** Defendants' Motion to Dismiss as to the Plaintiffs' prayer for punitive damages contained in Count VIII.

## VI. CONCLUSION

For the reasons stated above, this Court **SUSTAINED** Defendant's Motion to Dismiss Counts I, II, III, IV, V, VI, and VII of the Plaintiffs' Complaints. The Court has **GRANTED** Plaintiffs leave to amend Count VII to state a claim under 42 U.S.C. § 1983. The Court also **SUSTAINED** Defendants' Motion to Dismiss Plaintiffs' prayer for punitive damages in Count VIII.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 12, 2007